Kent Khtikian, Esq. (#99843)
Kimberly A. Hancock Esq. (#205567)
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California 94133-2930
Telephone: (415) 834-1778
Facsimile: (415 834-1842

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL UNION NO. 3, AFL-CIO; TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY PENSION TRUST; TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY HEALTH AND WELFARE TRUST FUND; TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY APPRENTICESHIP AND TRAINING TRUST FUND; TILE INDUSTRY PROMOTION FUND OF NORTHERN CALIFORNIA, INC., a not-for-profit California corporation; TILE EMPLOYERS CONTRACT ADMINISTRATION FUND; TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS PENSION FUND, <br><br>Plaintiffs, <br><br>vs. <br><br>JP TILE, INC., a California corporation; AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation, <br><br>Defendants. | CASE NO.: CV 08-1074 MHP <br><br> JOINT CASE MANAGEMENT CONFERENCE STATEMENT <br><br> Date: June 2, 2008 <br> Time: 4:00 p.m. <br> Dept: Courtroom 15 <br>        18th Floor <br>        US District Court <br>        450 Golden Gate <br>        Ave. <br>        San Francisco, CA <br> Judge: The Honorable <br>         Marilyn H. Patel |

Pursuant to this Court's Civil Local Rules 16-2 and 16-9, the parties submit this joint Case Management Statement And Proposed Order.

A.  **JURISDICTION AND SERVICE.**

This is an action to collect unpaid contributions to multi employer benefit plans pursuant to the terms of each plan, its

respective trust agreement and a collective bargaining agreement. Jurisdiction of this action is conferred on this Court by the provision of the Employee Retirement Income Security Act of 1074, 29 U.S.C. Sections 1132(a), (e), and (f) and 1145. Jurisdiction of this action is also conferred on this Court by the provisions of 28 U.S.C. Section 1331(a).

All defendants have been served.

B. **JOINT STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION**

On or about August 16, 2001, Defendant JP TILE, INC. (hereinafter, "JP Tile") executed a signature page pursuant to which JP Tile agreed to abide by and to be bound by collective bargaining agreement by and between the Tile, Terrazzo, Marble & Restoration Contractors Association of Northern California and Plaintiff BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL UNION NO. 3, AFL-CIO (hereinafter "Bricklayers Local Union No. 3"). The signature page(s) executed by JP Tile additionally provides that any signatory agrees to be bound to amendments or modifications to the Agreement and to subsequent agreements entered into between the Union and the Tile, Terrazzo, Marble & Restoration Contractors Association of Northern California.

Pursuant to the terms of the Agreement, JP Tile agreed to pay certain wages and fringe benefits for all hours worked in the 46 Northern California Counties within the Union's geographic jurisdiction by persons employed by JP Tile as tile setters and tile finishers. JP Tile further agreed to allow Plaintiffs to review and audit JP Tile's payroll and other relevant records for the purposes of ascertaining whether certain wages and fringe benefits have all been paid as required by the collective

bargaining agreement. The collective bargaining agreement further provides that if a signatory employer fails to allow a payroll audit, the employer shall become liable for all costs incurred by the Trusts in securing the audit, including attorneys' fees.

Plaintiffs have audited JP Tile's records for the period from January 1, 2004 through December 31, 2006 (hereinafter the "Audit"). The Audit disclosed that JP Tile failed to report and pay at least $57,523.00 in wages and fringe benefits.

Article II, Section 7 of the collective bargaining agreement states that JP Tile must secure its employees through the Union except where the Union fails to furnish employees within a 48 hour period.

Article II, Section 17 of the collective bargaining agreement provides that all employees shall be required to become Union members within eight (8) days following commencement of employment, and maintain Union membership, as a condition of employment:

Article VI, Section 46 provides that a "new hire" will be considered any employee who is hired after March 31, 2001 and who has worked fewer than 1,500 hours under this Agreement, subject to certain exceptions. Article VII, Section 55 further provides that the maximum ratio of "new hire" hours shall not exceed 33-1/3 percent of the Employer's total Local 3 work force hours.

Plaintiffs are informed and believe, and thereon allege, that JP Tile failed to: (i) secure its employees through the Union in breach of Section 7 of the collective bargaining agreement; (ii) require its employees to become members of, and to maintain membership in, the Union within eight (8) days

following the commencement of their employment in violation of Section 17 of the collective bargaining agreement; and (iii) maintain a maximum ratio of "new hire" hours of 33-1/3 percent of JP Tile's total Local 3 work force hours in violation of Section 55 of the collective bargaining agreement.

Plaintiffs further allege that JP Tile obtained a contractor's license bond underwritten by defendant AMERICAN CONTRACTORS INDEMNITY COMPANY pursuant to California Business and Professions Code section 7071.6 (hereinafter "American Bond"). This bond indemnifies persons employed by JP Tile for JP Tile's failure to pay full wages due. The American Bond was in effect from December 1, 2001 through December 13, 2004.

C.    **PROCEDURAL HISTORY**

On February 22, 2008, Plaintiffs filed the Complaint.

On April 15, 2008, defendants JP Tile Inc. and American Contractors Indemnity Company filed their Answer to the Complaint.

**1. The principal factual issues that the parties dispute are:**

a. What is the total number of hours which JP Tile employed persons, who performed work covered under the collective bargaining agreement with the Union, from approximately January 1, 2004 through December 31, 2006?

b. What is the total number of hours worked by the persons described in subparagraph 1(a) and the total amount owed to plaintiff trust funds for hours worked in the jurisdiction of the collective bargaining agreement from approximately January 1, 2004 through December 31, 2006?

   c. How many employees performing work under the collective bargaining agreement during the period from January 1, 2004 through the present did JP Tile fail to procure through the Union in violation of Article II, Section 7 of the collective bargaining agreement?

   d. How many employees performing work under the collective bargaining agreement during the period from January 1, 2004 through the present did JP Tile fail to cause to become Union members and maintain Union membership as a condition of employment in violation of Article II, Section 17 of the collective bargaining agreement?

   e. On how many occasions has JP Tile failed to maintain a maximum ratio of "new hire" hours of 33-1/3 percent of JP Tile's total Local 3 work force hours in violation of Section 55 of the collective bargaining agreement during the period from January 1, 2004 through the present?

   This is intended by the parties to provide only a summary of the principal contested factual issues. Additional contested factual issues may exist and such issues are not waived by plaintiffs.

   **2. The principal legal issues that the parties dispute are:**
   None.

**D. ALTERNATIVE DISPUTE RESOLUTION**

   The parties are agreeable to mediation.

   **The parties make the following additional suggestions concerning settlement:**

   **The Court hereby orders:**

1  E. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE
2     The parties consent to trial presided by a Magistrate Judge.
3     The Court hereby refers this case for the following purposes
4  to a magistrate judge:
5  F. DISCLOSURES
6     The parties certify that they have made the following
7  disclosures:
8     1. Persons disclosed pursuant to FRCivP Rule 26(a)(1):
9        a. Disclosed by Plaintiffs:
10       Mary Ann Montoya, Allied Administrators
11       Polly Baney, Allied Administrators
12
13       Gary Peifer, Bricklayers Local No. 3 Union
14       Troy Garland, Bricklayers Local No. 3 Union
15       Tom Spear, Bricklayers Local No. 3 Union
16
17       Bittner & Company, Auditors
18       <u>JP Tile employees</u>:  Nick Gault, Jim Grzelak, Steve
19  Robbins
20
21       b. Disclosed by Defendants:
22       Jeff Puckett, JP Tile, Inc.
23       Mario Flores, Attorney
24
25  2. Categories of documents disclosed under FRCivP Rule 26(a)(1)
    or produced through informal discovery:
26       a. Categories of documents disclosed by Plaintiffs:
27          1. Collective Bargaining Agreements;
28          2. Plaintiffs' trust agreements;

3. Signature Page of JP Tile Corporation to collective bargaining agreements;

4. Plaintiffs' trust fund records of defendant's reports and payments to the plaintiffs' trust funds;

5. The audit of JP Tile Inc. for the period January 1, 2004 through December 31, 2006;

6. Correspondence between plaintiffs and defendant JP Tile Inc.

    **b. Categories of documents disclosed by Defendants:**

1. JP Tile, Inc.'s records of employment

**3. Each party who claims an entitlement to damages or an offset sets forth the following preliminary computation of the damages or of the offset:**

Plaintiffs are entitled to damages for the principal amount due for unpaid wages and fringe benefits for the period from January 1, 2004 through December 31, 2006 as determined by audit, plus liquidated damages for delinquent payments, interest, auditor fees, attorneys' fees and other costs of collection. At least $57,523.00 is due for the principal amount on the audit, at least $11,504.60 is due for liquidated damages (calculated at 20% of principal due) and at least $427.00 is due for auditor's fees. Attorneys fees and costs of collection will be determined.

Plaintiffs are entitled to damages for the unpaid Union initiation fees and dues for each JP Tile employee performing work under the collective bargaining agreement that failed to join and maintain membership in the Union. These damages are calculated as at least $2,538.00 which equals the months worked by each JP Tile employee (according to the Audit) who failed to

join the Union multiplied by the initiation fee for the first month and by the monthly dues for each month worked thereafter.

Plaintiffs are entitled to damages for the unpaid wages to Union members for each employee that JP Tile failed to procure through the Union. These damages are calculated at approximately $74,618.94 which equals the hours worked by non-Union employees of JP Tile (according to the audit) multiplied by the net taxable wage (less vacation and dues check-off contributions) that a Union member would have received for these hours according to the applicable Union wage rate.

Plaintiffs are also entitled to damages for the unpaid wages to Union members for each occasion on which JP Tile failed to maintain a maximum ratio of "new hires" of 33-1/3 percent of JP Tile's total Local 3 work force hours. These damages, however, would equal the damages for lost wages to Union employees calculated in the preceding paragraph and will not be double-counted as additional damages.

**4. All insurance policies as defined by FRCivP 26(a)(1)(D) have been disclosed as follows:**

None.

**5. The parties will disclose the following additional information by the date listed:**

Not required at this time.

**6. Disclosures as required by FRCivP 26(e) will be supplemented at the following intervals:**

Every 30 days commencing August 1, 2008 if supplemental information is discovered.

**G. EARLY FILING OF MOTIONS**

The following motions expected to have a significant effect either on the scope of discovery or other aspects of the litigation shall be heard by the date specified below:

Summary judgment motions may be heard by February 20, 2009.

**H. DISCOVERY**

1. Parties have conducted or have underway the following discovery:

    None other than initial disclosures.

2. The Parties propose the following discovery plan:

All document requests, interrogatories and requests for admissions to be served and responded to by no later than November 7, 2008.

The parties to disclose expert witnesses, if any (their identities, resumes, final reports and other matters required pursuant to the Federal Rules of Civil Procedure) by no later than September 26, 2008.

All expert and non-expert depositions to be completed by no later than by November 7, 2008.

3. Limitations on discovery tools in accordance with this Court's Supplemental Order to Order Setting Case Management Conference.

    a. depositions (excluding experts) by:

        plaintiffs: 5    defendant: 5

    b. interrogatories served by:

        plaintiffs: 35 on each defendant

        defendants: 35 on each plaintiff

    c. document production requests served by:

    **plaintiffs:** 35 on each defendant
    **defendants:** 35 on each plaintiff
  d. requests for admission served by:
    **plaintiffs:** 35 on each defendant
    **defendants:** 35 on each plaintiff

4. Plaintiffs propose the following limitations on the subject matter of discovery:

 All matters relevant to or calculated to lead to the discovery of evidence relevant to the material issues raised by the complaint and defendants' answers and affirmative defenses to the complaint.

5. Discovery from experts. Plaintiffs plan to offer expert testimony as to the following subject matters:

 None planned at this time.

6. The Court orders the following additional limitations on the subject matter of discovery:

7. Deadlines for disclosure of witnesses and completion of discovery:

 See paragraph H(2) above.

I. PRETRIAL AND TRIAL SCHEDULE

 1. Trial date: April 6, 2009

 2. Anticipated length of trial (number of days): 2 to 3.

 3. Type of trial: Court.

 4. Final pretrial conference date:

 5. Date required for filing the joint pretrial conference statement and proposed pretrial order required by Civ.L.R. 16-10(b), complying with the provisions of Civ.L.R. 16-10(b)(6)-(10) and such other materials as may be required by the assigned

judge:

    6. Date for filing objections under Civ.L.R. 16-10(b)(11) (objections to exhibits or testimony):

    7. Deadline to hear motions directed to the merits of all or part of the case: February 20, 2009

I. Date of next case management conference:

**J. OTHER MATTERS**

**K. IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL**

/S/Kimberly A. Hancock          Date: May 23, 2008
Kimberly A. Hancock, Esq.
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California 94133-2930
(415) 834-1778; FAX (415) 834-1842
Attorneys for Plaintiffs

_____    Date: May 23, 2008
Jeralyn Kay Spradlin
Law Offices of Spradlin and Ferguson
500 E. Calaveras Blvd., Suite 203
Milpitas, CA 95035
(408) 262-0136
Attorneys for Defendants JP Tile, Inc.
and American Contractors Indemnity Company

    The Court finds that each party was represented by lead trial counsel responsible for trial of this matter and was given an opportunity to be heard as to all matters encompassed by this Case Management Statement and Proposed Order filed prior to the conference. The Court adopts this statement as modified and enters it as the order of this court pursuant to Civ.L.R. 16-8(b).

    IT IS SO ORDERED

Dated:_____    _____

                                          Hon. Marilyn H. Patel

judge:

6. Date for filing objections under Civ.L.R. 16-10(b)(11) (objections to exhibits or testimony):

7. Deadline to hear motions directed to the merits of all or part of the case: February 20, 2009

I. Date of next case management conference:

J. OTHER MATTERS

K. IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL

/S/Kimberly A. Hancock                    Date: May 23, 2008
Kimberly A. Hancock, Esq.
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California  94133-2930
(415) 834-1778; FAX (415) 834-1842
Attorneys for Plaintiffs


[signature]                               Date: May 23, 2008
Jeralyn Kay Spradlin
Law Offices of Spradlin and Ferguson
500 E. Calaveras Blvd., Suite 203
Milpitas, CA 95035
(408) 262-0136
Attorneys for Defendants JP Tile, Inc.
and American Contractors Indemnity Company